UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KUNSTMUSEUM GEHRKE-REMUND, GMBH, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause Number: 2:14-cv-448 |
| GLOBAL ENTERTAINMENT PROPERTIES 1, LLC; GLOBAL ENTERTAINMENT PROPERTIES 2, LLC; and SOUTH SHORE ARTS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Kunstmuseum Gehrke-Remund, GMBH ("KGR") and Defendants South Shore Arts, Inc. ("SSA") and Global Entertainment Properties 1 (GEP1) appeared before me for an evidentiary hearing on KGR's request for a temporary restraining order. (DE 5) Global Entertainment Properties 2 did not appear, and it is unclear whether they have yet been served.

By way of background, KGR claims that it owns a collection of replica paintings, replica and original photographs, replica dresses, and other items representing the work and life of the artist Frida Kahlo (the "Collection"). KGR claims the Collection is worth approximately $3.5 million. KGR contracted with GEP1 to display the Collection as a touring exhibition. One of the stops on the tour was in San Diego. A representative from KGR visited that exhibition and noted some items were damaged and that items were being improperly displayed and stored. What's more, KGR claims that GEP1

stopped paying on the contract, and so KGR commenced legal action in California against GEP1 for immediate return of the property. The court issued a writ of possession and an ex parte TRO restraining GEP1 from transporting the Collection out of California. At the same time, KGR and GEP1 also commenced mandatory arbitration in California pursuant to the terms of their agreement.

Things get a little murky from here. Somehow, the Collection found its way to SSA's facility in Munster, Indiana. SSA claims to have a contract with an entity known as "GEP2" to display the Collection at its Munster facility through January 25, 2015. The precise relationship between GEP1 and GEP 2 is clear as mud. In any event, when KGR found out that its Collection was in Munster, Indiana it filed this action under theories of replevin and conversion. KGR seeks a TRO, a preliminary injunction and ultimately the return of the Collection which KGR says was stolen from it in California. KGR also claims that the Collection is now damaged because SSA is displaying it under improper conditions.

In support of KGR's request for a TRO, I heard testimony from Dr. Maria Remund, one of KGR's co-owners who observed the exhibition at SSA first-hand. I also heard testimony from SSA's witness, Ms. Laura Cutler, the SSA employee in charge of setting up and overseeing the Kahlo Exhibition at SSA. After hearing argument for counsel for the parties and the testimony of these two witnesses, along with the various exhibits I admitted into evidence, I am not convinced that the Collection is currently in danger of any immediate harm. I do not believe that SSA is displaying or storing the Collection improperly – or at least not so improperly as to result in the damage

2

observed, or as to put the Collection in any serious risk of future harm. So I will deny KGR's request to enjoin SSA from displaying the work.

After hearing from both counsel for KGR and one of KGR's co-owners, and after reading all of the briefing submitted to-date, it's clear to me that KGR's most pressing concern is that the Collection not be removed from the State of Indiana. On this point, KGR raises a valid concern as it appears that the Collection has ended up in Munster in apparent contravention of the TRO issued (albeit without notice) in California. It's going to take some time to sort this mess out, including determining whether the transport of the Collection to Indiana was actually improper and who is ultimately entitled to possession of the Collection. GEP1 has presented evidence that they may have purchased the Collection outright from KGR – a claim KGR adamantly denies. For now, it is enough to say, that maintaining the status quo is the most prudent thing to do. Therefore, I will temporarily restrain any of the defendants from removing the Collection from SSA's Munster facility. SSA will therefore be permitted to continue the exhibition undisturbed.

**IT IS THEREFORE ORDERED THAT:**

KGR's request for a temporary restraining order is **GRANTED IN PART** and **DENIED IN PART:**

(1) KGR's request to enjoin SSA from continuing to display the Collection and immediately return the Collection to KGR is **DENIED**.

(2) All Defendants are **TEMPORARILY RESTRAINED** from any further disposition of the Collection until further order of the Court.

(3) This Temporary Restraining Order shall be in effect for 14 days from the date of this Order, as provided by Federal Rule of Civil Procedure 65.

**SO ORDERED**.

ENTERED: December 23, 2014

s/Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT